### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GUETZLOE GROUP, INC.,**

                        **Plaintiff,**

**-vs-**                                                  **Case No.  6:06-cv-404-Orl-22UAM**

**RICHARD MASK, MONIQUE
BOLLHOEFER, and BURT ROPER,**

                        **Defendants.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

          This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **BOLLHOEFER'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 69)** |
| **FILED:** | **April 16, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

| | |
|---|---|
| **MOTION:** | **MASK'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 71)** |
| **FILED:** | **April 18, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**..

| | |
|---|---|
| **MOTION:** | **ROPER'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 72)** |
| **FILED:** | **April 23, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

| | |
|---|---|
| **MOTION:** | **BOLLHOEFER'S MOTION TO SET HEARING (Doc. No. 86)** |
| **FILED:** | **July 17, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **MASK'S MOTION TO SET HEARING (Doc. No. 87)** |
| **FILED:** | **July 19, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On April 9, 2007, the Court entered judgment in favor of Defendants Richard Mask, Monique Bollhoefer, and Burt Roper against Plaintiff, Gueztloe Group, Inc. Docket 68. Each of the Defendants subsequently filed motions for an award of attorneys' fees and costs. Docket 69, 71, 72. On July 12, 2007, the Honorable Anne C. Conway ruled that the Defendants were entitled attorney's fees and costs, except for Roper who only is entitled to attorneys' fees. Docket 85. Judge Conway referred the determination of the amount of attorneys' fees and costs to be awarded to the undersigned for a report and recommendation. Docket 85.

**I.      Bollhoefer's Motion for Attorneys' Fees and Costs**

Guetzloe Group does not challenge the amount of attorneys' fees requested by Bollhoefer. Docket 89 at 2.  The Court, therefore, recommends that Bollhoefer be awarded attorneys' fees in the amount of $21,977.50.  Docket 69-3 at 2.

Guetzloe Group does object to Bollhoefer's motion for costs.  Guetzloe Group argues that Bollhoefer is limited to those costs permitted by 28 U.S.C. § 1920.  A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute.  *See* Fed. R. Civ. P. 54 (d)(1).[1]  The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920,[2] but may not tax as costs any items not included in § 1920 absent express statutory authority to do so.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *W. Va.*

---

[1]  Fed.R.Civ.P. 54 (d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[2]  Title 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

*Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 86 (1991); *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460,

463 (11th Cir.1996).  As Plaintiff brought its action pursuant to the Copyright Act, the Court has

considered whether that statute permits costs in addition to those allowed by § 1920, and finds that

no additional costs are authorized.  *See, Artisan v. Contractors Assoc. of AM., Inc. v. Frontier Ins. Co.*,

275 F.3d 1038, 1039-40 (11th Cir. 2001) (the "full costs" language in 17 U.S.C. § 505 does not

constitute clear, explicit of plain evidence of congressional intent to treat costs in copyright cases

different from costs authorized by other statutes).

Initially, Guetzloe Group objects to the costs as Bollhoefer's counsel has failed to provide an

affidavit that the claimed costs were correct, were paid, or were necessary for the case.  Docket 79 at

8.  Before any bill of costs is taxed, the costs must be supported by the affidavit of a person with

knowledge of the facts, that the item is correct, and that the costs for services were actually and

necessarily performed.  28 U.S.C. § 1924.

Bollhoefer's counsel has submitted two affidavits in support of her motion.  The first affidavit

was silent as to the claimed costs.  Docket 69-3.  The second affidavit states "I am the attorney of

record for Defendant Monique Bollhoefer . . . and have incurred the following costs in connection

with prosecuting said lawsuit."   Docket 70 at 3.  Although this statement is somewhat vague, the

Court finds the affidavit is sufficient to satisfy the requirement that it be made by a person with

knowledge of the facts and that the costs are correct.  The affidavit, however, is procedurally defective

because it fails to show that the costs were necessary to the case.

Despite the affidavit's deficiency, it is readily apparent that the transcript of Doug Gueztloe

was necessary to the case.  Doug Guetzloe's transcript was relied on both in support of and in

opposition to Guetlzoe Group's motion for partial summary judgment. See Docket 55, 64.  The Court

construes the court reporter costs for the deposition of Doug Gueztloe to be the transcript fee, which is a recoverable cost under § 1920 and should be awarded.

Computerized legal research, such as Westlaw, and postage are not authorized under § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).  As to the remaining costs, it is not readily apparent that the costs were necessary to the case.  The Court, therefore, should deny these other costs.

II.   **Mask's Motion for Attorneys' Fees and Costs**

A.   **Attorneys' Fees**

Gueztloe Group does not contest the reasonableness of the hourly rates charged by Mask's attorneys.  Docket 90 at 2.  It does, however, contest the reasonableness of certain time entries.  In particular, Guetzloe Group argues that Masks should not be able to recover for time spent on an unsuccessful motion to dismiss and that time entered in the form of block billing should be denied. Gueztloe Group offers no authority in support of its position.

Although the Eleventh Circuit has directed courts to deduct fees for discrete and unsuccessful claims, there is no requirement that the district court deduct fees for discrete and unsuccessful motions.  *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1301-02 (11th Cir. 1988). Generally, it is left to the district court's discretion whether the time is unreasonable or excessive and should be reduced.  *Id*. at 1301.

Guetzloe Group contends that Mask's counsel spent 11.3 hours preparing the motion to dismiss.  Docket 90 at 2.  The Court, however, only identified 7 hours spent on the motion to dismiss. Docket 71 at 12, time entries for 4/11/06, 4/12/06, and 4/13/06.  Although the motion to dismiss was denied, it was not frivolous and was a motion for which an attorney would bill "a client of means who

-5-

was seriously intent on vindicating similar rights." *Id*. at 1301.  As it would be reasonable to bill the client for this work, the Court finds that it is not unreasonable to bill the adversary for it.  *See, id.*  The Court, therefore, recommends no deduction for the time spent on the motion to dismiss.

As to the block billing entries, Guetzloe Group challenges four entries for time billed on October 18, 2006, October 31, 2006, November 1, 2006, and January 3, 2007.  The entry on October 18 is for 1.5 hours, and the entry on October 31 is for 1 hour.  Although block billing was employed, the time appears reasonable for the tasks described.  The Court does not recommend that either of these entries be reduced.

As to the remaining entries on November 1 of 3.5 hours and on January 3 of 4.5 hours, the description is not sufficiently detailed for the Court to find that the billed hours were reasonable. Rather than eliminate this time in its entirety as Guetzloe Group suggests, the Court recommends that the time be reduced by 25%.  This would result in reducing the time by 2 hours, resulting in a reduction of $550 (2 hours x $275/hour) .

Based on the above analysis, the Court recommends that Mask's motion for attorneys' fees in the amount of $37,625.75 only be reduced by $550, and the Court award Mask $37,075.75.

**B.**   **Costs**

With the exception of possibly the photocopy charges, Gueztloe Group argues that the claimed costs for computer searches, messenger fees, mileage, postage, telefaxes, telephone calls, Westlaw, and paralegal billable time are not recoverable under § 1920.  For the reasons set forth below, the Court agrees that Mask is not entitled to recover any costs.

Although paralegal time may be compensable as attorneys' fees, depending on the nature of the work performed, the Court will not award such costs as fees in the absence of a detailed

description of the work performed.  Further, although reasonable long-distance telephone charges and travel expenses might be recovered under § 1920, the affidavit of Mask's attorney fails to demonstrate the necessity of the telephone charges or mileage charges or that they are appropriate in this case.  *See, Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).  Similarly, while photocopies might be recoverable, Mask fails to itemize what the copies were for and fails to show that the copies were necessary to the case as opposed to being for counsel's convenience.

As stated above, postage costs and computerized research costs are not recoverable.  Nor are telefax charges.  Park v. Am. Serv. of Central Fla., Inc., 2007 WL 1626349, *6 (M.D. Fla., June 05, 2007).  Mediation costs also are not recoverable under § 1920.  *See, e.g., Cook Children's Med. Ctr. v. N. England PPO Plan of Gen. Consol. Mgmt., Inc.*, --- F.3d ---, 2007 WL 1842117, at *7-*9 (5th Cir. June 28, 2007) (holding that district court abused its discretion by awarding mediation costs as part of Rule 54(d) and § 1920 costs); *Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006), *vacated and superseded on reconsideration on other grounds*, 475 F.3d 1239 (11th Cir. 2007); *Brisco-Wade v. Carnahan*, 297 F.3d 791, 782-83 (8th Cir.2002) (holding that district court abused its discretion by awarding mediation costs in § 1983 litigation because, *inter alia*, taxable costs in § 1983 actions are limited to those listed in 28 U.S.C. § 1920).  Fees for messenger services similarly should be excluded from a § 1920 costs award.  *Avirgan v. Hull*, 705 F. Supp. 1544, 1546 (S.D. Fla.,1989).

III.   **Roper's Motion for Attorneys' Fees**

Roper seeks payment for 31.2 hours worked by his attorney at the rate of $225 per hour, for a total fee of $7,020.  Docket 72-2.  Guetzloe Group does not dispute the reasonableness of the hourly rate, but it does request a complete denial of fees.  Docket 81 at 2.  Guetzloe Group apparently questions the validity of counsel's affidavit because he did not record any time for review of the

complaint or the law until after his client was deposed.  While it may have been irresponsible to have failed to review the complaint and the law earlier, the Court is not persuaded that this entry invalidates all time spent by Roper's counsel.

Gueztloe Group also criticizes Roper's counsel for billing for the preparation of a summary judgment motion that was never filed.  Docket 81.  Two of the time entries that refer to a summary judgment motion were entered between the dates of December 18, 2006 (the date Guetzloe Group filed its motion for partial summary judgment) and January 16, 2007 (the date Roper filed its response to Guetzloe Group's motion).  Docket 72-2.  While this time may have been to prepare the response, Roper's attorney describes the work as "draft[ing] motion for summary judgment" and "prepar[ing] summary judgment argument."  *Id*.  As the entries suggest that Roper was drafting a summary judgment motion instead of responding to one, the Court recommends that the 7.3 hours entered on January 2, 2007, and January 12, 2007, be denied absent further substantiation from Roper's counsel.

Roper's counsel also bills 2 hours on April 2, 2007, for work on a summary judgment motion.  As Roper never filed its own motion for summary judgment, and this time cannot possibly be related to the response to Guetzloe Group's motion, the Court recommends that the time be deducted as unreasonable.

The Court finds $225 per hour to be a reasonable rate for Roper's counsel and that 21.9 hours were reasonably expended.  The Court recommends that Roper's motion for attorneys' fees be granted in the amount of $4,927.50.

IV.   **Motions for Hearings**

The Court finds that a hearing was unnecessary to its consideration of the matters presented, and the parties' request for a hearing should be denied.

**IT IS RECOMMENDED THAT:**

1.      The Court grant in part and deny in part [69] Bollhoefer's motion for attorneys' fees and costs, and award attorneys' fees in the amount of $21,977.50 and costs in the amount of $640.70.

2.      The Court grant in part and deny in part [71] Mask's motion for attorneys' fees and costs, and award attorneys' fees in the amount of $37,075.75.

3.      The Court grant in part and deny in part [72] Roper's motion for attorneys' fees and costs, and award attorneys' fees in the amount of $4,927.50.

4.      The Court deny [86] and [87] motions to set hearing.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 8, 2007.


                                                        *Donald P. Dietrich*
                                            DONALD P. DIETRICH
                                            UNITED STATES MAGISTRATE JUDGE



Copies furnished to:

The Honorable Anne C. Conway